Filed 5/22/25  P. v. Morales CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, | D083620 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCS284275) |
| ADAN RIVERA MORALES, | |
| Defendant and Appellant. | |


APPEAL from a judgment of the Superior Court of San Diego County, Garry G. Haehnle, Judge.  Reversed and remanded with instructions.

Adan Rivera Morales, in pro. per.; and Joshua L. Siegel, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Daniel Rogers and Elizabeth M. Kuchar, Deputy Attorneys General, for Plaintiff and Respondent.

Adan Rivera Morales pled guilty to the attempted murder of Juan D. (Pen. Code, §§ 187, subd. (a), 664) and admitted he inflicted great bodily

harm during the attack (§ 12022.7, subd. (a)).  In accordance with that plea, the trial court sentenced Morales to a stipulated term of 27 years in prison.

Morales later filed a form petition for resentencing under what is now section 1172.6.  After appointing Morales counsel, the court denied his petition without holding an evidentiary hearing, citing the failure to state a prima facie case for relief.

On appeal, Morales contends the trial court erred when it found him ineligible for relief as a matter of law.  He asserts the record of conviction reviewable at the prima facie stage does not reflect specific factual admissions regarding malice.  Absent those admissions, he argues, the record does not bar the possibility that he was convicted under a natural and probable consequences theory, so he is entitled to an evidentiary hearing on his resentencing petition.  We agree; thus, we reverse and remand with instructions.

## I.

The information charged Morales alone with two counts, one for "unlawfully attempt[ing] to murder Juan" and one for "unlawfully commit[ting] an assault upon Juan . . . by means of force likely to produce great bodily injury."  For each count, the information alleged Morales "personally inflicted great bodily injury upon Juan" in the commission of the offense under sections 12022.7(a) and 1192.7(c)(8).

Morales pled guilty to attempted murder with the section 12022.7(a) enhancement.  In his plea agreement, Morales admitted he "attempted to murder Juan . . . and inflicted great bodily injury during the attack."  During his plea colloquy, Morales pled guilty to attempted murder and admitted that, during the course of that attempted murder, he personally inflicted great bodily injury on Juan "during the course of that attack on him."

2

Pursuant to the plea agreement, the People dismissed the assault charge against Morales.

## II.

Morales contends "he didn't expressly admit personally acting with malice," and thus the record of conviction does not rule out the possibility that he was convicted of attempted murder for his participation "in a lesser crime like an assault" where "attempted murder was a natural and probable consequence of that crime." The People counter Morales' plea precludes him from relief. They premise their argument on his role as a direct perpetrator, arguing his participation establishes that Morales "acted . . . with intent to kill." For the reasons discussed below, Morales has the better argument.

### A.

A trial court considering a section 1172.6 petition first must determine whether the petitioner made a prima facie showing he or she could not presently be convicted under the amended homicide laws. (*People v. Lewis* (2021) 11 Cal.5th 952, 971.) "The court may deny the petition at the prima facie stage only if the record of conviction"—which includes facts admitted in a guilty plea—"conclusively establishes that the petitioner is ineligible for relief as a matter of law." (*People v. Gaillard* (2024) 99 Cal.App.5th 1206, 1211.) Otherwise, the court must issue an order to show cause and conduct an evidentiary hearing. (*Lewis*, at p. 971.)

We review a court's denial of a resentencing petition at the prima facie stage de novo. (*People v. Ervin* (2021) 72 Cal.App.5th 90, 101.)

### B.

Although Morales admitted that he personally inflicted great bodily injury on Juan, the generic language of his plea is silent as to his mental state and the record of conviction does not establish he was the sole

3

perpetrator. His admission that he personally inflicted great bodily injury thus does not foreclose imputed malice based on the now-invalid natural and probable consequences doctrine. (*People v. Coley* (2022) 77 Cal.App.5th 539, 548.)

The People focus on how Morales' admission he personally inflicted great bodily injury makes him a *direct* perpetrator, which they argue takes Morales outside the natural and probable consequences doctrine and thus disqualifies him from section 1172.6 relief. The People cite to *People v. Saavedra* (2023) 96 Cal.App.5th 444 and *People v. Fisher* (2023) 95 Cal.App.5th 1022 in support.

The defendant in *Saavedra*, however, did not admit *only* to causing great bodily injury. (*Saavedra*, 96 Cal.App.5th at p. 446-447.) The defendant there also admitted, as the factual basis for his plea, that he attempted to murder three people "with malice aforethought" by personally discharging a firearm into an occupied car. (*Id.* at pp. 446-448.) As a direct perpetrator with the requisite mental state, he was ineligible for relief under the amended homicide laws. (*Id.* at p. 448.)

*Saavedra* is distinguishable because Morales did not admit to acting with malice aforethought—he made no admissions as to his mental state. He admitted only that he caused great bodily injury when attempting to murder the victim. A "bare admission" to enhancements for personal use of a deadly weapon and inflicting great bodily injury is insufficient to establish the intent to kill or to rule out a theory of imputed malice. (*People v. Estrada* (2024) 101 Cal.App.5th 328, 338.) It follows that a bare admission to *only* an enhancement for inflicting great bodily injury is similarly insufficient to rule out a theory of imputed malice on the facts before us.

4

In *Fisher*, the defendant pled guilty to murder and attempted murder and admitted personally using a firearm during the commission of those crimes. (*Fisher*, 95 Cal.App.5th at p. 1024.) At the plea colloquy, the defendant admitted he shot and killed or injured the victims. (*Id.* at p. 1025.) Because the defendant "admitted he was the direct perpetrator of the crimes," the court of appeal concluded the defendant "could not have been convicted under the natural and probable consequences doctrine, so malice could not have been imputed to him under that theory." (*Id.* at p. 1029.) In reaching that decision, *Fisher* appears to have inferred the defendant was not only the direct perpetrator but also the *sole* perpetrator because he "was the only person charged with the crimes of which he was convicted." (*Id.* at pp. 1028-1029.)

We disagree with *Fisher* to the extent it concluded the absence of a charged co-defendant meant the defendant necessarily acted alone. Instead, we agree with *Estrada* that "a charging decision does not establish any facts as a matter of law." (*Estrada*, 101 Cal.App.5th at p. 339.) Like *Estrada*, "we are aware of no authority requiring prosecutors to try all codefendants together, so this single charging document does not foreclose the possibility of other people having been charged for related crimes" or other people being involved without being charged. (*Ibid.*)

Consequently, although Morales was charged alone, nothing in the record of conviction here conclusively establishes he was the sole perpetrator. His admission he personally inflicted great bodily injury shows he was a *direct* perpetrator but not necessarily the *sole* perpetrator. We stress this distinction between direct and sole because it can make all the difference on a section 1172.6 petition for attempted murder. While being the direct perpetrator—i.e., the actual killer—disqualifies one from section 1172.6 relief

5

on a murder conviction, the same does not automatically follow for attempted murder.  (See *Lewis*, 11 Cal.5th at p. 959 [noting how, relevant here, the amended homicide laws sought "'to ensure that murder liability is not imposed on a person who is not the actual killer'"].)  "Under the natural and probable consequences doctrine, [a] person who knowingly aids and abets criminal conduct is guilty of not only the intended crime [target offense] but also of any other crime the perpetrator actually commits [nontarget offense] that is a natural and probable consequence of the intended crime."  (*People v. Hin* (2025) 17 Cal.5th 401, 441 [cleaned up].)  So it is possible Morales pled guilty to attempted murder because he was the direct perpetrator in a target offense and someone else acted with malice and attempted murder was the natural and probable consequence of the target offense of assault.  Under the amended homicide laws, an attempted murder conviction on such a basis can no longer stand.  Because Morales' record of conviction does not conclusively render him ineligible for relief, the court should have issued an order to show cause and held an evidentiary hearing.

We reach this conclusion based on the record of conviction.  We note, however, that in response to our request for supplemental briefing, Morales explains he beat the victim together with another person.  This is consistent with the facts the People presented in opposition to Morales' resentencing petition.  As that information lies outside the record of conviction, we do not consider it in reaching our decision on appeal.  Even so, it illustrates why an evidentiary hearing is needed in such situations.  At the evidentiary hearing, both sides can present evidence and argue whether Morales could presently be convicted of attempted murder.

In short, Morales' plea fails to establish that he acted with the specific intent to kill Juan and, because it does not conclusively establish he was the

sole and direct perpetrator, it does not rule out the possibility that he was convicted under the natural and probable consequences theory. The generic language of his plea thus does not foreclose imputed malice, necessitating an evidentiary hearing on his petition for resentencing. (*Coley*, 77 Cal.App.5th at p. 548.) Given our conclusion, we need not reach Morales' other contention that the denial of his petition violated his federal due process rights.

III.

We reverse the trial court's order denying the petition, and remand with instructions for the trial court to issue an order to show cause and to conduct an evidentiary hearing under section 1172.6, subdivisions (c) and (d).

CASTILLO, J.

WE CONCUR:

McCONNELL, P. J.

O'ROURKE, J.

7